CATHERINE BURNS *vs.* ALBERT C. COLLINS and trustee.

*Mortgagee's lien on insurance—how made effectual, or lost.*

A mortgagee of real estate has no lien upon a policy of insurance procured thereon by the mortgagor, which has been settled in good faith by the insurers before the expiration of sixty days after loss of the property by fire, and before any notice of the lien required by statute to be filed with the secretary, although such notice may be filed within the sixty days but after such settlement.

ON EXCEPTIONS.

ASSUMPSIT. The defendant owned and occupied real estate in Liberty, which he mortgaged to one Peavey, who assigned the mortgage and the notes thereby secured to the plaintiff. Mr. Collins, upon the twenty-fifth day of June, 1870, insured the buildings upon said land, and their contents, with the Connecticut Fire Insurance Company, for eleven hundred dollars. Upon the nineteenth day of February, 1874, during the life of the policy, the property covered by it was damaged by fire. Upon the twenty-eighth day of February, 1874, the company, through its

agent, made a settlement of the loss with the assured, paying him seven hundred dollars in full, by a draft drawn by their agent upon them to the order of Mr. Collins and by him taken and negotiated for value, and he surrendered the policy and directed its cancellation, which was done, receipting in full of all demands under it.

Mr. Collins sold the draft March 4, 1874, and on the following day Mrs. Burns served upon the company's agent at Liberty a notice of her mortgage and that she claimed a lien upon the amount insured upon said property, under R. S., c. 49, §§ 32 and 33 ; and, on the seventh day of March, 1874, the secretary received at Hartford, Connecticut, a similar notice from her attorney. The corporation settled in good faith, without any purpose of injuring the mortgagee, or knowledge of her claim.

As the company declined to acknowledge any lien, under these circumstances, the mortgagee brought this suit upon the unpaid mortgage notes and summoned the corporation as the trustee of the debtor, in order to effectuate the alleged lien. The policy contained the customary provision that the loss (if any) would be payable in sixty days after notice and proof of loss, made by the assured, and received at the home office. Upon a disclosure of these facts the presiding justice ordered that the trustee be discharged, and the plaintiff excepted.

*H. & W. J. Knowlton* for the plaintiff.

The mortgagee has a lien upon the amount insured.

This lien exists before notice, but takes effect so as to fix the time from which the sixty days begin to run, within which suit must be brought, until after notice to the company.

The assignee of a mortgage has the same rights as the original mortgagee. *Haskell* v. *Monmouth Fire Insurance Co.*, 52 Maine, 128.

In case the mortgagor does not consent that the whole or a part of the sum secured by the policy shall be paid to the mortgagee in discharge of said mortgage, then said lien may be enforced by trustee process. R. S., c. 49, § 33.

This being a lien claim, the common principles applicable to trustees in other cases do not apply to this case.

Payment by trustees, or any other agreement or arrangement, made to or with the principal creditor or person holding the policy, before the expiration of the sixty days, did not and could not defeat the lien claim of the plaintiff, because by R. S., c. 49, § 33, he has sixty days in which to enforce his lien. *Atwood* v. *Williams*, 40 Maine, 409; *Spofford* v. *True*, 33 Maine, 283; *Doe* v. *Monson*, 33 Maine, 430; *Haskell* v. *Monmouth Fire Insurance Co.*, 52 Maine, 128.

*A. G. Jewett*, for the insurance company, trustee, said this was the first time he ever knew of such a corporation being sued because it adjusted a claim against it too promptly, and he did not conceive that the statute meant to compel delay between the insurer and insured, but thought they would be permitted to settle as speedily as they could come to an agreement, provided the rights of third persons had not intervened by notice being given of them, and provided there was no attempt or intent to defraud.

PETERS, J. The court are of the opinion that the exception to the discharge of the trustee must be overruled. The loss under the policy was settled before any notice was received by the company of any lien or claim thereon. And it does not appear that it was done to avoid notice, or with any improper motive whatever. The mortgagee could have secured his right, by filing the notice. prescribed by statute at any time before the settlement took place; but failed to do so. Be sure, by R. S., c. 49, § 33, the mortgagee had sixty days after a loss to enforce his lien by suit. But that implies that he has a lien. By § 32, same chapter, his lien takes effect from the time he filed his notice with the company. Till that is done he can have no lien. When that was done in this case, there was no subsisting policy to take effect upon. It had been settled, and was *functus officio*. Any other construction would impose unreasonable burdens on insurers and the insured, without any corresponding advantages to other parties.

The position taken by the plaintiff would logically lead to the conclusion, that parties to a policy could not cancel or withdraw it, even before loss, without consulting all mortgagees of the property insured. The case of *Haskell* v. *Monmouth Fire Insurance Co.*, 52 Maine, 128, cited by the plaintiff, is not in point.

*Exceptions overruled.*

APPLETON, C. J., CUTTING, WALTON, BARROWS and DANFORTH, JJ., concurred.